UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GARRETT WHITTENBURG,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>LAKE COUNTY JAIL,<br>　　　　Defendant. | CAUSE NO.: 2:23-CV-433-TLS-APR |

**OPINION AND ORDER**

　　　　Garrett Whittenburg, a prisoner without a lawyer, filed a Complaint. ECF No. 1. As required by 28 U.S.C. § 1915A, the Court must screen the Complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because the Plaintiff is proceeding without counsel, his allegations must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Notably, however, a plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

　　　　The Plaintiff is currently incarcerated at the Lake County Jail, and all the events he complains of happened there.[1] The Plaintiff alleges that since October 13, 2022, he has seen

---

[1] The Plaintiff filed sixteen separate lawsuits in the Northern District of Indiana between November 27, 2023, and December 7, 2023, three of which are before this Court. He makes it clear that this lawsuit pertains specifically to the availability of electronic devices to staff members.

multiple staff members—including correctional officers, police officers, nursing staff, mental health professionals, and the Warden—with "cellular phones, smart watches, laptop, etc." in their possession. ECF No. 1 at 2. He believes these devices should be banned completely because they could potentially be used to stage "a false conversation for the benefit" of those staff members. *Id*. According to the Plaintiff, "[a]ll a staff member has to do is has his/her earpiece in they ear and [other staff members] has to do is sit in the control room and control the speaker while they coach staff through a conversation the inmate was never even present for." *Id*. He also believes the staff could "secretly record you for the internet purpose, personal purposes, etc. and place these recording on [the] web." *Id*. He does not allege any of these things actually happened. The Plaintiff has sued the Lake County Jail for monetary damages related to his "emotional stress, psychological pain and suffering." *Id*. at 3. He also seeks injunctive relief in the form of having all the staff's cellular devices, laptops, and smart watches declared contraband in the Jail.

Even if the Plaintiff had named a proper defendant,[2] these claims would fail. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations

---

[2] He has sued only the Lake County Jail, but the Jail is a building, not an individual or even a policy-making unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (jail is not a suable entity); *see also Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (same, applying Indiana law).

2

omitted). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Id.* As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted).

In this lawsuit, the Plaintiff does not allege he has been denied the minimal civilized measures of life's necessities. Rather, he describes conditions related to the functioning and administration of the Jail that he has been living with for over a year without any specific injury. Although "[p]rison officials who recklessly expose a prisoner to a substantial risk of a serious physical injury" can violate the Eighth Amendment even if no physical injury occurs, *Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011), the condition the Plaintiff describes is not one that can be characterized as reckless or dangerous. In fact, in today's day and age, it is hard to envision that a prison could function without the availability of the technology the Plaintiff complains of. Although the Plaintiff claims the existence of the technological devices are causing him unnecessary worry and emotional stress, "not every psychological discomfort a prisoner endures amounts to a constitutional violation." *Leiser v. Kloth*, 933 F.3d 696, 703 (7th Cir. 2019) (quoting *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003); *see also Pegues v. Rogers*, No. 3:07-CV-93 PS, 2007 WL 951896, at *1 (N.D. Ind. Mar. 27, 2007) ("[C]onditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations." (citing *Adams v. Pate*, 445 F.2d 105, 108 (7th Cir. 1971))).[3]

---

[3] Similarly, his speculation about some sort of possible future harm from the technology does not form the basis of a valid Eighth Amendment deliberate indifference claim either. *See e.g. Hunter v. Mueske*, 73

3

To the extent the Plaintiff is claiming the staff's use of various technological devices violates—or should violate—prison policies or guidelines, the violation of prison policy or other state law does not give rise to a federal constitutional claim. *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"). Therefore, the Plaintiff's allegations do not state any plausible claims for relief under 42 U.S.C. § 1983.

Ordinarily, the Court should give a *pro se* litigant an opportunity to cure his defective pleadings. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, the Court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). The Court finds no basis to conclude that, if given another opportunity, the Plaintiff could state a plausible constitutional claim consistent with the allegations he has already made.

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because the Complaint does not state any claims for relief. The Clerk of Court is DIRECTED to close this case.

SO ORDERED on January 9, 2024.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT

---

F.4th 561, 565 (7th Cir. 2023) (explaining that to establish a deliberate indifference claim, there "must be a risk of harm to the plaintiff that is so objectively serious as to be 'excessive' (and that risk must in fact materialize)"). Moreover, banning all staff members from using things like cell phones, smart watches, and laptops is not an appropriate form of injunctive relief.